IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN GREGORY LAMBROS,

        Petitioner,

        v.                              CASE NO. 13-3034-RDR

CLAUDE MAYE, Warden,
USP-Leavenworth, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee was paid. Petitioner seeks to challenge his federal convictions under § 2241 in this district in which he is currently confined after having failed to obtain relief from the sentencing court in another federal judicial district. Having considered the petition together with the 155 pages of attached exhibits and relevant published court opinions, the court finds that petitioner fails to show that his § 2255 remedy was inadequate or ineffective and, as a result, dismisses this petition for lack of jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1993, Mr. Lambros was convicted by a jury in the United States District Court for the District of Minnesota of four cocaine-related

1

offenses, including a conspiracy count. *See U.S. v. Lambros*, 404 F.3d 1034, 1035 (8th Cir. 2005), *cert. denied*, 545 U.S. 1135 (2005). "On direct appeal, (the Eighth Circuit Court of Appeals) vacated the sentence on the conspiracy count, remanded for resentencing on that count, and affirmed the conviction in all other respects." *Id.* (citing *U.S. v. Lambros,* 65 F.3d 698 (8th Cir. 1995), *cert. denied*, 516 U.S. 1082 (1996)). His other convictions were also affirmed. "On remand, Lambros filed multiple new trial motions pursuant to Fed.R.Crim.P. 33," which the district court treated as "a single § 2255 motion and denied all the claims." *Id.* Thus, petitioner's initial § 2255 motion was denied by the sentencing court in 1997. In the meantime, "Lambros appealed the 360-month prison term to which he was resentenced," and the Eighth Circuit affirmed. *See id.* (citing *U.S. v. Lambros*, 124 F.3d 209 (8th Cir. 1997)(unpublished), *cert. denied*, 522 U.S. 1065 (1998)). "Two subsequent § 2255 motions filed by Lambros were dismissed by the district court because (the Eight Circuit Court) had not authorized their filing." *Id.* In 2001 petitioner began a series of post-judgment motions attempting to overturn the district court's denials of habeas relief. However, these were construed as successive § 2255 motions, and dismissed because he had not obtained Eighth Circuit pre-authorization. *Id.* (citing *U.S. v. Lambros*, 40 Fed.Appx. 316 (8th Cir. 2002)(unpublished), *cert. denied*, 537 U.S. 1195 (2003)); *Lambros*, 404 F.3d at 1037 ("When Lambros filed multiple new trial motions,

after our limited remand for resentencing following his conviction, the district court correctly treated those new trial motions as seeking § 2255 post-conviction relief. His subsequent Rule 60(b) motions and his most recent Rule 59(e) motion were, in reality, efforts to file successive motions for post-conviction relief. Those motions were properly denied because Lambros did not have authorization from this court.").

In 2012 the United State Supreme Court decided *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). The Tenth Circuit recently summarized these cases as follows:

> Both Frye and Lafler concern the Sixth Amendment right to the effective assistance of counsel in the plea bargaining process. Frye held that counsel's failure to inform his client of a plea offer may constitute ineffective assistance of counsel. 132 S.Ct. at 1408, 1410-11. Lafler held that an attorney who rendered constitutionally deficient advice to reject a plea bargain was ineffective where his advice caused his client to reject the plea and go to trial, only to receive a much harsher sentence. 132 S.Ct. at 1383, 1390-91. In each case, the Court reached its decision by applying the well-established principles regarding the assistance of counsel that were initially set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Frye, 132 S.Ct. at 1409-11; Lafler, 132 S.Ct. at 1384, 1390-91.

*Id.*

**<u>CLAIMS</u>**

Petitioner's main claim is that based upon *Frye* and *Lafler*, he is entitled to have his convictions and sentences vacated and for the prosecution to re-offer its plea proposal that he rejected prior

3

to trial. In support of this claim he alleges that his attorney did not understand the statutory law and guidelines regarding the possible sentences, that he received incorrect information[1] from his attorney and the prosecutor during plea negotiations as to the sentences he could receive on all four counts, and that he was incorrectly advised that he could be sentenced as a career offender. He argued in a prior § 2255 motion that he "only had to show that his attorney failed to communicate pleas offers or failed to give competent counsel regarding a plea offer." He also argued in the Minnesota sentencing court and to the Eighth Circuit that his claims were timely under 28 U.S.C. § 2255(f)(3)[2] because they were brought within a year of *Frye* and *Lafler*. He repeats that argument here. He cited a Ninth Circuit case, which he argued applied *Lafler* and *Frye* retroactively, and asserted that he had thus "made a prima facie showing" that "*Frye* and *Lafler* are retroactive."

Petitioner's arguments are not always clearly presented or consistent with each other or the cases he cites.[3] He alleges that

---

[1] Petitioner suggests that his claim of erroneous advice during plea proceedings is already proven since both plea proposals provided that the only sentence he could receive for Count One was mandatory life without parole and his sentence of mandatory life without parole was overturned by the Eighth Circuit.

[2] Section 2255(f)(3) pertinently provides that the 1-year period of limitation shall run from the latest of several dates including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[3] For example, he argues that the two recent Supreme Court cases upon which he relies "announced a type of Sixth Amendment violation that was previously unavailable and thus require[] retroactive application to cases on collateral review" while acknowledging that they announced an extension of *Strickland* rather

4

in June 2012 he sought authorization from the Eighth Circuit to file a successive § 2255 motion that raised the same issues he presents in the instant § 2241 petition and the U.S. Attorney for the District of Minnesota was required to respond. He exhibits many pleadings and rulings from that case, and requests incorporation of all filings from his "second or successive § 2255" into this action. He argues that his illegal sentence constituted a miscarriage of justice and that he qualifies for the "actual innocence exception," apparently based on the fact that his sentence on one count was overturned. In addition, petitioner claims that the sentencing court denied effective review of his ineffective assistance of counsel claim when it re-characterized his new trial motions as his first 2255 motion without giving him the option to withdraw and denied his next 2255 motion as successive. He complains that the Eighth Circuit erroneously denied authorization for a successive § 2255 motion, did not make findings of fact and conclusions of law, and refused to hear his petition for rehearing because preauthorization denials are not appealable. Based on these complaints, he contends that the Eighth Circuit improperly refused to consider his request for a second and successive § 2255 motion, and that such refusal is one of the circumstances noted by the Tenth Circuit as rendering the § 2255 remedy inadequate or ineffective. He thus contends that he is entitled to relief under § 2241.

---

than a new rule.

## STANDARDS

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Subsection (e) of Section 2255 provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* It has long been held in the Tenth Circuit that "[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Williams v. U.S.*, 323 F.2d 672, 673 (10th Cir. 1963) *cert. denied* 377 U.S. 980 (1964); *see also Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

The habeas corpus remedy under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3).

6

However, the § 2241 petition does not ordinarily encompass claims of unlawful detention based on the conviction or sentence of a federal prisoner. The Tenth Circuit has explained the difference between the two statutory provisions. "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). By contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809 811-12 (10th Cir. 1997); *Bradshaw*, 86 F.3d at 166. A § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams*, 323 F.2d at 673.

Section 2255 motions are subject to two significant statutory "gate-keeping" restrictions: a one-year statute of limitations, § 2255(f); and a ban on second and successive motions, § 2255(e). A habeas petitioner may not avoid these restrictions by simply bringing his claims under § 2241.

**DISCUSSION**

This petition is deficient in several ways. First, arguments are not properly raised in a habeas corpus petition by merely incorporating numerous pleadings from another case. For this reason and based upon local court rules, petitioner could be required to submit an amended petition upon court-approved forms. However, an

7

amended petition is not required because it is apparent from the materials filed that this court has no jurisdiction over petitioner's claims.

Many of petitioner's claims are challenges to rulings made by the Minnesota sentencing court and the Eighth Circuit on his prior § 2255 motions. He has already presented the arguments he seeks to incorporate into this action to the appropriate courts including that his recent § 2255 motion based on *Frye* and *Lefler* should be considered timely and authorized under § 2255(f)(3). To the extent that petitioner seeks to have this court overturn decisions made by those courts of equal or greater authority, he provides no legal basis for this court to take such action and the court is aware of none. Even if this court had such authority under § 2241, it would reject petitioner's *Frye/Lafler* claims based upon persuasive reasoning and precedent in recent Tenth Circuit opinions. In *United States v. Lawton*, 2012 WL 6604576, at *3 (10th Cir. Dec.19, 2012), the Tenth Circuit emphasized the conditional language in § 2253(f)(3): "*if that right has been newly recognized by the Supreme Court* and made retroactively applicable to cases on collateral review," and held that neither *Lafler* nor *Frye* established a new rule of constitutional law to be applied retroactively to cases on collateral review. The reasoning in *Lawton* is persuasive:

> [N]either decision announced a "newly recognized" right. Several circuit courts have so held. *See In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012)(per curiam); *Hare v. United*

8

> *States*, 688 F.3d 878-80 (7th Cir. 2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re Arras*, No. 12-2195 (10th Cir. Dec. 11, 2012)(denying authorization to file a second or successive § 2255 motion because neither *Lafler* nor *Frye* established a new rule of constitutional law); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). Indeed, before *Lafler* and *Frye* this court granted habeas relief on such a claim in *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009), relief that we could not have granted if based on a newly recognized right, *see Danforth v. Minnesota*, 552 U.S. 264, 266 & n. 1, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008). And the Supreme Court could not have granted relief in *Lafler* itself if it were recognizing a new right. *See Lafler*, 132 S.Ct. at 1395-96 (Scalia, J., dissenting)(pointing out that habeas relief cannot be granted under 28 U.S.C. § 2254 unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court). Thus, the extension of the limitations period provided by § 2255(f)(3) did not apply to Defendant's case.

*Lawton*, 2012 WL at *3. Another court recently observed in *U.S. v. Williams*, 2013 WL 139635 (S.D.N.Y. Jan. 11, 2013):

> Since Frye was decided, "nearly every court to have addressed the issue has held that Frye did not create a new constitutional right to be applied retroactively to cases on collateral review; it merely applied Strickland v. Washington . . . to a particular set of circumstances, i.e., the obligation of defense counsel to advise a defendant of plea offers." Ortiz v. United States, No. 12 Civ. 5326, 2012 WL 5438938, at *2 (E.D.N.Y. Nov.7, 2012) (compiling cases).

Then the Tenth Circuit held as follows in *In re Graham*, ___F.3d___, 2013 WL 1736588 (10th Cir. Apr. 23, 2013):

> any doubt as to whether Frye and Lafler announced new rules is eliminated because the Court decided these cases in the post conviction context." Perez, 682 F.3d at 933; see also Hare, 688 F.3d at 879. Lafler recognized that for a federal court to grant habeas relief, the state court's decision must be contrary to or an unreasonable application of clearly established federal law, and it

9

> held that the state court's failure to apply Strickland
> was contrary to clearly established federal law. See
> Lafler, 132 S.Ct. at 1390; see also Williams v. Jones, 571
> F.3d 1086, 1090-91 (10th Cir.2009)(recognizing Strickland
> as clearly established federal law with regard to a habeas
> claim that counsel was constitutionally deficient when he
> persuaded the applicant to reject a plea bargain). But
> where the law is clearly established, then the rule "must,
> by definition, have been an old rule," not a new one.
> Perez, 682 F.3d at 933; see also Hare, 688 F.3d at 879.

*Id.* Thus, in *Graham* the Tenth Circuit expressly held that neither *Frye* nor *Lafler* established a new rule of constitutional law. It necessarily follows that the condition in § 2255(f)(3) is not met by *Frye* and *Lafler*. Accordingly, § 2253(f)(3) does not apply in petitioner's case.

The underlying claims that petitioner seeks to have considered are undoubtedly challenges to his federal convictions and sentences. The Tenth Circuit has clearly admonished that the "plain language of § 2255 means what it says and says what it means: a prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing petitioner with a *chance to test* his sentence or conviction." *Prost v. Anderson*, 636 F.3d 578, 587 (10th Cir. 2011). As noted, in this § 2241 petition Mr. Lambros attempts to raise the same claims that he already raised in motions under § 2255 in the sentencing court and on appeal to the Eighth Circuit. He contends that relief is available under § 2241 because the Minnesota district court rendered the § 2255 remedy ineffective by refusing to consider his second and successive § 2255

10

motions. However, Mr. Lambros completely ignores that the sentencing court's, or the appropriate appellate court's, refusal to consider claims that are second and successive or untimely, has clearly been held not to establish that the § 2255 remedy was inadequate or ineffective. The Tenth Circuit recently discussed a situation similar to that of petitioner's:

> The issue on appeal is whether Mr. Sines had an adequate and effective remedy under § 2255. Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed. . . . In Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999), we held that the remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions. We noted only a few circumstances suggested by courts of appeal as rendering § 2255 inadequate or ineffective: abolition of the original sentencing court; the sentencing court's refusal to consider, or inordinate delay in considering, the § 2255 motion; and the inability of a single sentencing court to grant complete relief when sentences have been imposed by multiple courts. See id. at 1178. Mr. Sines's argument that § 2255 was inadequate and ineffective rests on his assertion that the district court's dismissal of his § 2255 motion as untimely amounted to a refusal to consider it. He contends that his motion had been timely under 28 U.S.C. § 2255(f)(3) because he filed it within a year of the Supreme Court's decision in Chambers.
>
> We are not persuaded. A district court's erroneous decision on a § 2255 motion does not render the § 2255 remedy inadequate or ineffective. After all, the decision could be appealed. . . . Having failed to establish that the remedy provided in § 2255 was inadequate or ineffective, Mr. Sines could not proceed under § 2241.

*Sines v. Wilner*, 609 F.3d 1070, 1072-74 (10th Cir. 2010). Under the reasoning in *Sines*, even though Mr. Lambros was precluded from proceeding on another § 2255 motion by the statute-of-limitations

11

and successive-writ provisions of § 2255, these circumstances do not establish that the § 2255 remedy was inadequate. *See also Caravalho*, 177 F.3d at 1178–1179 (finding § 2255 remedy was not ineffective or inadequate where procedural obstacles set forth in Antiterrorism and Effective Death Penalty Act barred petitioner from bringing successive § 2255 motion); *see Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.")(quotation omitted).

It plainly appears that Mr. Lambros has resorted to all the remedies available to him for challenging his federal convictions and sentences. In *Prost*, the Tenth Circuit meticulously described the range of available remedies:

> Even though a criminal conviction is generally said to be "final" after it is tested through trial and appeal, . . Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence. . . .
>
> But Congress didn't stop there. If a prisoner's initial § 2255 collateral attack fails, . . Congress has indicated that it will sometimes allow a prisoner to bring a second or successive attack. Recognizing the enhanced finality interests attaching to a conviction already tested through trial, appeal, and one round of collateral review, however, Congress has specified that only certain claims it has deemed particularly important—those based on newly discovered evidence suggestive of innocence, or on retroactively applicable constitutional decisions—may be brought in a second or successive motion. See 28 U.S.C. § 2255(h); supra n. 2.
>
> Yet, even here Congress has provided an out. A prisoner who can't satisfy § 2255(h)'s conditions for a second or successive motion may obviate § 2255 altogether if he can show that "the remedy by motion" provided by § 2255 is

> itself "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In these "extremely limited circumstances," (citation omitted), a prisoner may bring a second or successive attack on his conviction or sentence under 28 U.S.C. § 2241, without reference to § 2255(h)'s restrictions. It is, however, the prisoner's burden to show that these conditions, prescribed by § 2255(e)'s so-called "savings clause," apply to his case. See Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998).

*See Prost*, 636 F.3d at 583-84. The Court in *Prost* then meticulously set forth a relatively simple test for when the "savings clause" applies, and their underlying rationale:

> The relevant . . . measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241. . . .
>
> . . . . Section 2255(e) expressly distinguishes between the terms remedy and relief, stating that § 2241 is not available to a petitioner simply because a "court has denied him relief"; to invoke the savings clause, it must "also appear[ ] that the remedy by motion is inadequate or ineffective." . . . Here again, the clause emphasizes its concern with ensuring the prisoner an opportunity or chance to test his argument. Here again it underscores that with this opportunity comes no guarantee about outcome or relief. The ultimate result may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim.
>
> Recognizing these features of the savings clause's plain language, we have long and repeatedly said that a petitioner's "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective," . . . and that an "erroneous decision on a § 2255 motion" doesn't suffice to render the § 2255 remedy itself inadequate or ineffective, (citations omitted). . . .
>
> . . . [I]t is evident that a prisoner generally is entitled

13

> to only one adequate and effective opportunity to test the legality of his detention, in his initial § 2255 motion. If the rule were otherwise—if the § 2255 remedial mechanism could be deemed "inadequate or ineffective" any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, "a meaningless gesture." United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999). If the rule were otherwise—if, say, courts were to read subsection (h) as barring only losing second or successive motions—the statute's limitations would be effectively pointless and, as the Second Circuit has recognized, Congress would have "accomplished nothing at all in its attempts—through statutes like the AEDPA—to place limits on federal collateral review." (Citations omitted).
>
> . . . Federal prisoners seeking to take advantage of new rulings of constitutional magnitude that would render their convictions null and void are not always allowed to do so in second or successive motions. See, e.g., 28 U.S.C. § 2255(h)(permitting federal prisoners to take advantage only of new constitutional rules that the Supreme Court has expressly declared to have retroactive application); see also Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). . . .

*Id.* at 584-87.

In this case, as in *Prost*, Mr. Lambros alleges no facts to dispute that his initial § 2255 motion was "up to the job of testing the question" of whether his conviction should be overturned because he was provided erroneous sentencing information during plea proceedings. While he complains that motions he filed raising claims that should have been brought under § 2255 were treated by the sentencing court as his first § 2255 motion, he alleges no facts indicating that those claims were not considered. To paraphrase the reasoning of the Court in *Prost*, the fact that § 2255(h)'s restrictions on second and successive motions barred Mr. Lambros from

14

trying a *Frye/Lafler* argument nearly a decade after his convictions and long after pursuing his initial § 2255 motion, does not mean that the § 2255 remedial regime is inadequate or ineffective to test such an argument. "It only means that, in Congress's considered view, finality concerns now predominate and preclude relitigation of Mr. (Lambros's) criminal judgment." *Id.*

Like Mr. Prost, Mr. Lambros obviously believes that "a federal prisoner should have recourse to § 2241 through the savings clause any time he can demonstrate that his initial § 2255 proceeding finished before the Supreme Court announced a new (interpretation) that would likely undo his conviction," and that "he should be excused for failing to bring a "novel" argument for relief that the Supreme Court hadn't yet approved. . . ." The Tenth Circuit in Prost rejected this position:

> We cannot agree that the absence of *Santos* from the U.S. Reports at the time of a prisoner's first § 2255 motion has anything to do with the question whether § 2255 was an inadequate or ineffective remedial mechanism for challenging the legality of his detention. As we've explained, it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that itself is inadequate or ineffective for testing a challenge to detention. . . .
>
> . . . The § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not Mr. Prost thought to raise it. And that is all the savings clause requires.
>
> . . . [I]n subsection (h) Congress identified the excuses it finds acceptable for having neglected to raise an

15

>argument in an initial § 2255 motion. Failing to pursue novel statutory interpretations is not on that list, though Congress was aware situations like this one might arise and fully intended § 2255(h) to bar otherwise meritorious successive petitions. The simple fact is that Congress decided that, unless subsection (h)'s requirements are met, finality concerns trump and the litigation must stop after a first collateral attack. . . . .
>
>. . . [T] the plain language of the savings clause does not authorize resort to § 2241 simply because a court errs in rejecting a good argument.

*Id.* at 588-90.

Having considered all petitioner's allegations and complaints together with the relevant legal authority, the court finds that Mr. Lambros fails to establish that his § 2255 remedy was inadequate or ineffective. Consequently, he has failed to establish that this court has jurisdiction to hear his challenges to his convictions and sentences under § 2241. *See Gibson v. Fleming*, 28 Fed.Appx. 911, 913 (10th Cir. 2001)(court should have dismissed § 2241 habeas petition without prejudice for lack of jurisdiction where petition challenged federal conviction or sentence and petitioner did not show § 2255 remedy was inadequate or ineffective).

Finally, the court hereby certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is

dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: This 17th day of May, 2013, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**