IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN GREGORY
LAMBROS,

                    Petitioner,

          v.                              CASE NO.  13-3034-RDR

CLAUDE MAYE,

                    Respondent.

## O R D E R

This action was dismissed and all relief was denied by
Memorandum and Order entered May 17, 2013.  The matter is now before
the court upon petitioner's Motion to Alter or Amend Judgment . .
. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,"
which was timely filed on June 8, 2013.  Having considered the
motion, the court finds that it fails to state grounds for relief.

## RULE 59(e) STANDARDS

"A motion to alter or amend a judgment pursuant to Fed.R.Civ.P.
59(e) may be granted only if the moving party can establish (1) an
intervening change in controlling law; (2) the availability of new
evidence that could not have been obtained previously through the
exercise of due diligence; or (3) the need to correct clear error
or prevent manifest injustice."  *Wilkins v. Packerware Corp.*, 238
F.R.D. 256, 263 (D. Kan. 2006), *aff'd*, 260 Fed.Appx. 98 (10th Cir.
2008)(citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948

1

(10th Cir. 1995)). Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been raised earlier. *Id.* (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997)); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Steele v. Young*, 11 F.3d 1518, 1520 n. 1 (10th Cir. 1993); see also Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment."); *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.)(A 59(e) motion is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

## DISCUSSION

Petitioner moves the court to alter or amend its judgment based upon one of the three available grounds: to correct or prevent clear error or manifest injustice. As support for his motion, petitioner again sets forth a barrage of claims, arguments, and cites and quotes

from many cases, none of which convinces the court that he is entitled to relief. Some of his allegations are: he believes this court has jurisdiction to review his claim(s) "under the writ of Audita Querela," which the court never mentioned; he proved he was sentenced to an illegal sentence that was vacated; he qualifies for the "actual innocence" and the "miscarriage of justice" exceptions; he was not allowed to raise his ineffective assistance of counsel claim on direct appeal under Eight Circuit law; he filed Rule 33 motions that were incorrectly construed by the sentencing court as his first § 2255 motion; in April 1997 he filed his first § 2255 motion to attack only three of the four counts of conviction because his resentencing on Count 1 was on direct appeal; and he was never provided the § 2255 remedy to attack his conviction of count 1 because his attempt to file a § 2255 motion in 1999 was found to be second and successive. The court is again asked to vacate petitioner's convictions and sentences. The court has reviewed every argument and citation presented in the motion and, like in its order of dismissal, discusses only the main allegations and those it finds warrant some discussion.

In his motion, Mr. Lambros states that the court was correct in finding it lacked jurisdiction under 28 U.S.C. § 2241, but then argues that the court erred by failing to find that it had jurisdiction "pursuant to the Writ of Audita Querela" under the All Writs Act, 28 U.S.C. § 1651(a). This argument has no merit. First, petitioner presented no legal or factual basis whatsoever in his

petition showing his entitlement to relief under § 1651(a).[1]

Instead, he merely cited this provision and writ on the first and

two other pages of his 19-page petition with no discussion as to why

the writ would be an available remedy to challenge his conviction

or why this court would have jurisdiction to issue this ancient writ

with regard to his Minnesota convictions.  Conclusory assertions do

not entitle a petitioner to relief and need not be discussed by the

court.  Nor may a court construct arguments on behalf of a pro se

litigant.

Second, petitioner's assertion that this court has jurisdiction

under § 1651(a) utterly lacked legal merit for the same reason and

more as his assertion of jurisdiction under § 2241.[2]  Numerous

---

[1]     Petitioner has nowhere shown that the sentencing court or the Eighth Circuit
acted other than in accord with § 2255.  Logically, every time a court denies a
§ 2255 motion as second and successive it could be said that it "refused to consider"
the motion.  As the court previously advised however, it has been clearly and
repeatedly held that a court's "refusal to consider" claims that are successive
or untimely does not establish that the § 2255 remedy is inadequate or ineffective.
*Sines v. Wilner*, 609 F.3d 1070, 1072-74 (10th Cir. 2010)(citing *Caravalho v. Pugh*,
177 F.3d 1177, 1178-79 (10th Cir. 1999)).

[2]     It has long been settled that a petitioner may not obtain the remedy he
unsuccessfully pursued in a § 2255 motion simply by altering his pleadings to seek
a common-law writ such as audita querela.  "[T]o allow a petitioner to avoid the
bar against successive § 2255 petitions by simply styling a petition under a
different name would severely erode the procedural restraints imposed under 28
U.S.C. §§ 2244(b)(3) and 2255."  *United States v. Torres*, 282 F.3d 1241, 46 (10th
Cir. 2002); see also *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)(even if
statutory limitations foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal
prisoners, "it would be senseless to suppose that Congress permitted them to pass
through the closed door [by way of the All Writs Act] simply by changing the number
2241 to 1651 on their motions").  Common law writs, including the writs of coram
nobis and audita querela, if available at all, are extraordinary remedies that
are appropriate only in compelling circumstances and not when other remedies exist.
*Torres,* 282 F.3d at 1245-46)("[A] writ of audita querela is not available to a
petitioner when other remedies exist, such as a motion to vacate sentence under
28 U.S.C. § 2255."); *U.S. v. Holly*, 435 Fed.Appx. 732, 734 (10th Cir.
2011)(unpublished)(It is well established that "a writ of audita querela is 'not
available to a petitioner when other remedies exist, such as a motion to vacate

federal prisoners have asserted that this ancient writ is an alternative remedy for challenging their convictions after they failed to obtain relief at trial, on direct appeal, and in § 2255 motions.  However, they appropriately did so in the sentencing court where the judgment the writ is sought to act upon was entered.  As one often-quoted Circuit Court explained years ago:

> The ancient writ of audita querela, long ago abolished in federal civil proceedings, see Fed.R.Civ.P. 60(b), has no apparent relevance to criminal sentences.  Black's Law Dictionary 126 (7th ed. 1999), describes it as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses."  (Petitioner) is not a judgment debtor, and the territory of new facts and law is occupied for civil matters by Rule 60(b) and for criminal matters by Fed.R.Crim.P. 33 plus § 2255.  Prisoners cannot avoid the AEDPA's rules by inventive captioning.  Any motion . . . substantively within the scope of § 2255, . . . is a

sentence under 28 U.S.C. § 2255.'")(Unpublished cases are cited herein as persuasive rather than controlling authority); *U.S. v. Silva*, 423 Fed.Appx. 809, (10th Cir. 2011)(unpublished)(same); *Thornbrugh v. U.S.*, 424 Fed.Appx. 756, 759 (10th Cir. 2011)(unpublished)(same); see also *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000)("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992)(explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255"); *U.S. v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(The Fourth, Fifth, Seventh, Ninth, Tenth and Eleventh Circuits have determined that a federal prisoner may not use the writ of audta querela where postconviction relief is available through § 2255.).

The "extremely limited circumstances" rendering the § 2255 remedy inadequate or ineffective plainly do not include procedural limitations imposed by Congress on the filing of § 2255 motions, or the non-retroactive effect of new Supreme Court decisions in relation to criminal judgments that have already become final.  In fact, very few such circumstances have ever been found in the published cases. Certainly a Circuit Court's summary denial of preauthorization after a petitioner has been allowed to present his arguments as to why he believes he qualifies is not such a circumstance.  As this court found in its order of dismissal, petitioner described no extraordinary or compelling circumstances to establish that his § 2255 remedy was ineffective or inadequate.  This failure, which was the precise reason that this court lacks jurisdiction under § 2241, as Mr. Lambros now agrees, also established the court's lack of jurisdiction to hear his claim(s) by petition for writ of audita querela.

> motion under § 2255, no matter what title the prisoner
> plasters on the cover.  Call it a motion for a new trial,
> arrest of judgment, mandamus, prohibition, coram nobis,
> coram vobis, audita querela, certiorari, capias, habeas
> corpus, ejectment, quare impedit, bill of review, (or)
> writ of error . . . the name makes no difference.  It is
> substance that controls.  (Citations omitted).

*Melton v. U.S.,* 359 F.3d 855, 856-57 (7th Cir. 2004); *Holly*, 435

Fed.Appx. at 734 (quoting *Melton*, 359 F.3d at 857); *United States

v. Baker*, ___F.3d___, 2013 WL 1867427 (10th Cir. 2013)(same); *Torres*,

282 F.3d at 1246.  This "inventive" assertion of jurisdiction has

failed repeatedly in sentencing courts across the nation, and

petitioner here presented no authority or reasoned basis to view it

more favorably in this court having no connection to his sentencing,

conviction, or decisions regarding his § 2255 motions.  Thus, had

this court expressly discussed petitioner's alternative assertion

of jurisdiction, it would still have rejected it.

If petitioner is implying that the court erred by failing to

discuss his "and/or" list following his citation of § 2241, this

argument does not entitle him to relief from judgment.  As the court

stated in its prior order, it reviewed all petitioner's allegations

and complaints, his attachments, and the relevant legal authority.

His listing of the All Writs Act with no discussion of facts or legal

authority in support did not warrant specific discussion by the

court.

Other than the foregoing main claim of legal error, petitioner's

allegations in his motion are nothing more than the rehashing and

6

restating of arguments already rejected by the court or additional arguments that could have been presented prior to dismissal.  Such allegations do not entitle petitioner to relief under Rule 59(e).[3]

Furthermore, petitioner's allegations in his motion that directly seek relief from his conviction are likewise not properly raised in a Rule 59(e) motion.  *See Baker*, 2013 WL at 1867427("[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.").

Finally, the court reiterates that before ruling on any of petitioner's numerous underlying claims, arguments, and citations regarding his convictions, it examined whether or not it had jurisdiction over his petition under the primary source in the

---

[3]      For example, petitioner rehashes his argument that the sentencing court erred in treating several post-judgment Rule 33 motions filed by him as his first 2255 motion without providing him notification and a chance to withdraw.  The court will not speculate as to how this 1997 ruling might have fared had it been rendered after, rather than before, the Supreme Court decided *Castro v. U.S.*, 540 U.S. 375 (2003).  While this may have been appropriate grounds for a timely Rule 60(b) motion in the sentencing court, it is not grounds for a Rule 60(b) motion regarding the judgment on petitioner's § 2241 habeas application to this court. Petitioner's ultimate remedy for this alleged error by the sentencing court was to appeal to the Eight Circuit Court of Appeals and then the U.S. Supreme Court, which he did without success.  Moreover, petitioner's allegations and exhibits show that, contrary to his arguments, when he sought authorization to file what was unquestionably a successive § 2255 motion, he was provided the opportunity to and did argue to the Eighth Circuit that the sentencing court improperly re-characterized his new trial motions as his first 2255 motion.  As this court previously found, petitioner presented no authority that would allow this court to overturn the rulings by the Minnesota sentencing court, the Eighth Circuit, and the Supreme Court regarding his first § 2255 motion.  This is true even if the decisions of those courts were erroneous.

Furthermore, by the time Mr. Lambros filed his § 2255 motion in 2011 raising his claim of ineffective assistance of counsel during plea bargaining, he had filed multiple prior § 2255 motions, each of which could have been treated as his first. Thus, it can hardly be said that his 2011 motion would have been accepted as his first had the sentencing court not treated his 1997 Rule 33 motions as his first.

custodial judicial district - § 2241, and found that it did not.  As a result, this court could not consider petitioner's claim(s) on the merits.  The reasons for this court's dismissal of this petition for lack of jurisdiction and the legal standards applied were fully explained in its Memorandum and Order of Dismissal.  Petitioner's restatement and refinement of his myriad arguments and his disagreement with the findings and rulings of the court fail to demonstrate the existence of any extraordinary circumstances that would justify a decision to alter or amend the judgment dismissing this action.


**<u>DENIAL OF CERTIFICATE OF APPEALABILITY</u>**

Ordinarily, a federal prisoner does not need a certificate of appealability for appellate review of the denial of a § 2241 petition.  See 28 U.S.C. § 2253(c).  However, in his petition and this motion, Mr. Lambros is clearly attempting to obtain review of his federal criminal conviction.  Several Circuit Courts have held that a certificate of appealability is required under these circumstances.  Thus, to the extent that one may be required, the court finds that petitioner has made no "substantial showing of the denial of a constitutional right" with respect to an appeal of either the order of dismissal or this order denying this motion.  As the court already has done with regard to its prior order of dismissal, it hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

the instant order would not be taken in good faith. Petitioner's request that this court "retract" its previous denial of certification is denied. Accordingly, in forma pauperis status is denied for purpose of any appeal in this matter. See *Coppedge v.United States*, 369 U.S. 438, 444-45 (1962).

**IT IS THEREFORE ORDERED** that petitioner's Motion to Alter or Amend Judgment pursuant to Fed.R.Civ.P. Rule 59(e) is denied, and that a certificate of appealability is denied.

**IT IS SO ORDERED.**

**DATED: This 1st day of July, 2013, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**